# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10mc 27, 1:10mc28

| | |
|---|---|
| **CHEVRON CORPORATION,** )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>**CHARLES CAMP,** )<br>)<br>Respondent. )<br>_____ )<br>)<br>**RODRIGO PEREZ PALLARES; and** )<br>**RICARDO REIS VEIGA,** )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>**CHARLES CAMP,** )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the court on the direct referral and specific instructions of the district court referring petitioners' applications, filed in the above captioned miscellaneous cases,[1] to the undersigned for review and disposition. In such applications, petitioners seek the issuance of orders granting them leave to serve

---

[1] Consolidated herein for purposes of judicial economy.

-1-

respondent with subpoenas in accordance with the provisions of 28 U.S.C. § 182. Such applications also contain, *inter alia*, motions for issuance of orders for the expedited briefing and hearing of the applications.

For cause, petitioners have shown that an Ecuadoran court has issued an order allowing the submission of additional discovery in the underlying foreign actions, but that the window of opportunity for submitting such additional evidence is narrow, and ends 45 days from August 1, 2010. Further, petitioners have disclosed to the court that they have reason to believe that respondent or other parties interested in the Ecuadorian action (as well as an arbitration involving the Republic of Ecuador pending before the Permanent Court of Arbitration in the Hague) will likely oppose the authorization of issuance of subpoenas by this court. Consideration of the request for expedited review, is necessarily *ex parte*, and this court has, therefore, closely reviewed the request in addition to considering the equities of the relief sought.

First, the court has considered whether the petitioners have shown good and sufficient cause for expedited relief that would depart from the standard briefing schedule provided in Local Civil Rule 7.1. If this matter were to proceed under the normal briefing schedule, briefing would not be complete until mid-September, which is roughly coterminous with the deadline imposed by the Ecuadorian court. There simply would be insufficient time to depose respondent (if such relief is allowed),

transcribe and translate the proceeding into Spanish,[2] and then file such in Ecuador. There is no indicia in the moving papers that petitioners have unduly delayed the filing of this action or have otherwise created the exigent circumstances that counsel expedited consideration.

Second, the court has considered the ability of the respondent as well as the interested parties to get up-to-speed within the framework of an expedited order. Petitioner has unequivocally shown that the interested parties are well represented by counsel in the United States, and that they have opposed other applications on similar grounds in other federal venues. While it is unclear whether respondent is or will be represented, it appears likely that the interested parties (whose interests may run in tandem with respondent) well be well represented by experienced counsel. Further, it appears that respondent resides within close proximity to the courthouse and that experienced federal practitioners are readily available in the Asheville area.

Finally, the undersigned has considered the consequences of failing to act expeditiously. Review of the materials reveals that the actions now proceeding in foreign forums involve the vindication of substantial rights and the award of substantial sums. Viewed neutrally, this court believes that any tribunal would be better served by hearing all evidence which may bear on the question before it, and

---

[2] The court takes judicial notice that Spanish is the official language of Equador, but that other languages, such as Quichua, are also spoken by such country's native population.

to that end, it would appear that a failure to promptly act by this court could result in the exclusion of probative evidence.

Having considered such facts and weighed such against any respondents' need for time to prepare, the court finds the balance to be weighed heavily in support of expedited briefing and hearing.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioners' Motions for Expedited Briefing and Hearing, contained within the Applications for relief under Section 1782, are **ALLOWED**, and the following briefing and hearing schedule is entered:

(1) respondent and any interested parties shall file a brief responsive to the substantive application, if any, not later than Tuesday, August 24, 2010. Such brief is governed by the Local Civil Rules of this court;

(2) petitioners shall file their reply brief, if any, not later than Wednesday, August 25, 2010. Such brief is governed by the Local Civil Rules of this court; and

(3) a hearing is **CALENDARED** for August 27, 2010, at 10 a.m. in Courtroom #2 of the United States Courthouse Building in Asheville, North Carolina. Each side will be allowed 30 minutes to argue. Respondent as well as interested parties shall meet in advance of such

hearing to divide up the 30 minutes which will be allowed to respondent/interested parties. Each side shall present a proposed order granting the relief they seek and/or file such proposed order via CyberClerk.

**IT IS FURTHER ORDERED** that counsel for petitioners serve copies of this Order by overnight mail, return receipt requested, and otherwise make every effort to notify respondent and the interested parties of this Order, via phone, facsimile, or other method, upon receipt hereof.

Signed: August 18, 2010

_Dennis L. Howell_

Dennis L. Howell
United States Magistrate Judge