# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:10mc 27, 1:10mc28

| | |
|---|---|
| CHEVRON CORPORATION, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>CHARLES CAMP, )<br>)<br>Respondent. )<br>_____ )<br>)<br>RODRIGO PEREZ PALLARES; and )<br>RICARDO REIS VEIGA, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>CHARLES CAMP, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on the direct referral and specific instructions of the district court, referring petitioners' applications filed in the above captioned miscellaneous cases to the undersigned for review and disposition. In such applications, petitioners seek the issuance of orders granting them leave to serve respondent with subpoenas in accordance with the provisions of 28 U.S.C. § 182. On

-1-

August 27, 2010, an expedited hearing was held on such motions, at which all parties to each petition, with the exception of the prosecutors of the Republic of Ecuador, were represented and were heard. Counsel for the Republic of Ecuador was served with the pleadings in this matter but did not appear.

**FINDINGS AND CONCLUSIONS**

**I.      Jurisdiction**

The court has reviewed the applications and the exhibits annexed thereto. As to the excerpts of videos presented by the petitioners, the court has considered a representative sample in chambers and considered additional video excerpts that were played by the petitioners at the hearing. Review of the application begins with the authorizing statute:

> (a)    The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with

the Federal Rules of Civil Procedure.

> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. 1782(a).

First, the undersigned must determine whether he has jurisdiction to Order the issuance of subpoenas under Section 1782(a). In accordance with 28, United States Code, Section 636(b)(1)(A), a United States Magistrate Judge may, upon referral of a United States District Judge, dispose of certain non-dispositive matters upon referral of the district court. In <u>Phillips v. Beierwaltes</u>, 466 F.3d 1217 (10th Cir. 2006), the Court of Appeals for the Tenth Circuit held, where an appeal was taken from a magistrate judge's Order allowing a Section 1782(a) subpoena, as follows:

> the administrators argue their application can be characterized as a "discovery dispute" and, as such, may be referred to a magistrate judge without the Beierwaltes' consent. Specifically, the administrators claim their § 1782 application was properly referred by the clerk of court to the magistrate judge under a blanket referral order assigning to magistrate judges all "discovery disputes in cases pending in other federal courts." D.C. Colo. L. Civ. R. 72.1(B)(7). We disagree. The administrators' application does not stem from a case "pending in [an]other federal court[ ]." D.C. Colo. L. Civ. R. 72.1(B)(7). Rather, it is a subpoena request arising from a case pending in an English court. Accordingly, we question whether an application made pursuant to 28 U.S.C. § 1782 constitutes a "pretrial matter pending before the court" for the purposes of referring a matter to a magistrate judge under this local rule. 28 U.S.C. § 636(b)(1)(A).
> 
> We need not decide whether there was a proper reference to the magistrate judge under § 636(b) and the District of Colorado local rules

because even if there was, the magistrate judge had no authority to enter a final order on the matter at issue here.

> Federal magistrate judges are creatures of statute, and so is their jurisdiction. Unlike district judges, they are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636. As applicable here where the parties did not consent to proceeding before the magistrate judge, see § 636(c)(1), the district court may designate a magistrate judge to consider various matters. See § 636(b). These matters are generally categorized as 'dispositive' or 'non-dispositive,' and a magistrate judge's authority with respect to each category is different: Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make de novo determinations as to those matters if a party objects to the magistrate's recommendations. Id. § 636(b)(1)(B), (C).

First Union Mortgage Corp., v. Smith, 229 F.3d 992, 995 (10th Cir.2000) (internal citations, quotations, and brackets omitted).

> Whether the magistrate judge's order to compel discovery was dispositive or non-dispositive in this unusual proceeding under 28 U.S.C. § 1782, it was not a final appealable order until the district court acted on it. In these circumstances, "[w]hen [the Beierwaltes] objected to the magistrate judge's order through [their] motion for reconsideration, the district court was obligated to [review] the basis for the order." First Union Mortgage Corp., 229 F.3d at 996. Because the district court failed to do so, no final appealable order was entered in this case.
>
> Accordingly, we lack jurisdiction to review the Beierwaltes' appeal, and we therefore DISMISS it.

Id., at 1221 -1222 (citation omitted). While the appellate court in Phillips questioned

-4-

whether a United States Magistrate Judge could be referred a Section 1782 application under the language of the Colorado local rule, which provided a blanket referral of any "pretrial matter pending before the court," such decision does not appear to be applicable in light of the Local Civil Rules of this district as well as the district judge's specific reference of this matter. First, Local Civil Rule 73.1(A) provides in relevant part, as follows:

> (A) Magistrate Judges are Authorized and Designated to Exercise the Following Functions and Duties Regarding Civil Actions in the Western District:
> 
> ***
> 
> (2) to hear and decide non-dispositive procedural or discovery motions and other pretrial matters, as provided by 28 U.S.C. § 636(b)(1)(A) ....

L.Cv.R. 73.1(A). Further, the district court specifically referred the pending petitions for issuance of subpoenas for hearing and determination. In turn, the Federal Rules of Civil Procedure provide that such "rules govern the procedure in all civil actions and proceedings in the United States district courts . . . ." Fed.R.Civ.P. 1. Indeed,, Section 1782 specifically provides that "the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). While the appellate court in <u>Phillips</u> questioned whether a Section 1782(a) proceeding was a "civil action" pending before the district court, there can be no doubt that a Section 1782(a) petition is a "proceeding[] in the

United States district courts." Id.

The court has, however, given close consideration to the decision in Phillips. An Order either allowing or refusing to allow the Clerk of this court to issue a subpoena is not a final Order, and may be called into question by the subpoenaed party as provided in Rule 45, Federal Rules of Civil Procedure, or may be reviewed by the district court under Section 636(b) upon a showing that the order is clearly erroneous or contrary to law. The undersigned, therefore, determines that this petition has been properly referred and that jurisdiction exists under Section 636(b) to consider such application.

## II. Substantive Review

### A. Rule 45 Analysis

Preliminary review of the subpoenas, conducted at the conclusion of the hearing, reveals that they are proper in form and seek the production of documents and to take the testimony of Mr. Charles Champ. The court inquired and heard arguments as to two paragraphs of the subpoenas concerning attorney-client communications as well as documents "not" submitted to the Ecuadorian court. After hearing such arguments, the undersigned determined that such subpoenas were not facially overbroad. Finally, sufficient time has been provided to the deponent inasmuch as he has been provided with notice of the proposed deposition, an opportunity to be heard

as to whether such deposition should be taken, and he was in fact heard through counsel. Fed.R.Civ.P. 45(c)(2)(B)& (c)(3). Further, the court finds that any departure from the broader times allowed in Rule 45 are both necessary and just inasmuch as the time limitations imposed by the foreign tribunal necessitate expeditious action by both this court and the parties. Finally, the court determines that the deponent has secured experienced counsel to assist him in both the production of documents and well as the deposition.

**B.     Section 1782(a) Analysis.**

First, it appears that the proposed deponent, Mr. Champ, resides in Asheville, which is within the Western District of North Carolina. Second, it appears that the actions before the Ecuadorian courts as well as an arbitration proceeding pending before the Permanent Court of Arbitration in the Hague are actions or proceedings before "tribunals" under Section 1782. Third, it appears that all petitioners in these actions are "interested" persons within the meaning of Section 1782, that the corporate petitioner is actively engaged in substantial litigation before both tribunals and that the individual petitioners are presently being subjected to criminal prosecution in Ecuador . In re Lancaster Factoring Co. Ltd., 90 F.3d 38, 42 (2d Cir. 1996). Fourth, it appears that the discovery sought is relevant to both civil and criminal litigation now pending in Ecuador as well as the arbitration pending in the Hague.

-7-

The statutory requirements for issuance of a subpoena under Section 1782 having been met, the undersigned now turns to whether, in the court's discretion, the subpoena should be issued. Guidance on this issue is found in the Supreme Court's decision in <u>Intel Corp. V. Advanced Micro Devices, Inc.</u>, 542 U.S. 241 (2004), which held that the court may take the following factors into consideration in deciding whether to grant a Section 1782 application:

> First, when the person from whom discovery is sought is a participant in the foreign proceeding (as Intel is here), the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. App. to Reply Brief 4a ("When th[e] person [who is to produce the evidence] is a party to the foreign proceedings, the foreign or international tribunal can exercise its own jurisdiction to order production of the evidence." (quoting declaration of H. Smit in In re Application of Ishihara Chemical Co., Ltd., For order to Take discovery of Shipley Company, L.L.C., Pursuant to 28 U.S.C. § 1782, Misc. 99-232(FB) (EDNY, May 18, 2000))). In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid. See App. to Reply Brief 4a.
> Second, as the 1964 Senate Report suggests, a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance. See S.Rep. No. 1580, at 7. Further, the grounds Intel urged for categorical limitations on § 1782(a)'s scope may be relevant in determining whether a discovery order should be granted in a particular case. See Brief for United States as Amicus Curiae 23. Specifically, a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering

> restrictions or other policies of a foreign country or the United States. See id., at 27. Also, unduly intrusive or burdensome requests may be rejected or trimmed. See Bayer, 146 F.3d, at 196 (remanding for district-court consideration of "appropriate measures, if needed, to protect the confidentiality of materials"); In re Application of Esses, 101 F.3d 873, 876 (C.A.2 1996) (affirming limited discovery that is neither "burdensome [n]or duplicative").

Id., at 264-265. These appear to be non-exclusive factors, and the unsigned will consider other factors.

First, it does not appear that Mr. Champ is either a party or a participant in the action now pending in Ecuador. Clearly, without the assistance of this court, the court in Ecuador would be unable to reach Mr. Champ and compel him to share his knowledge of what purportedly occurred. This appears to coincide precisely with the first consideration enumerated by the Court, which would counsel invoking the aid of the United States District Court. Id., at 265 ("nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

Second, it appears that both the arbitrational tribunal as well as the Ecuadorian courts have been historically receptive to requests for assistance by the courts of the United States based on a review of the cases cited by petitioners.

Third, it does not appear that the applications now pending before the court are an attempt to circumvent the court in the Hague or in Ecuador, or any restrictions such

court may have imposed upon the requesting party in its efforts to gather discovery. While respondent has made a strong argument that the "analysis" sought by the Ecuadorian court would not include new evidence, this court finds that such a narrow reading of "analysis" is not necessarily correct as analysis is usually accompanied by supporting documentation; in any event, the Ecuadorian court will be able to determine what it meant by "analysis" and exclude any materials it believes exceed the scope of its own order. If this court were to prevent the issuance of the subpoenas, the Ecuadorian court would, *fait accompli*, be precluded from determining whether it should consider such evidence.

Fourth, it appears that the requests are narrowly tailored to produce information relevant to the issues now pending and that safeguards are built into the request to prevent the production of privileged information. Indeed, the undersigned allowed respondents the opportunity for expedited review of any documents to which they properly assert privilege. After review of all the material, it appears that the discovery sought herein is highly relevant and narrowly tailored for all petitioners to defend themselves in actions pending in foreign tribunals.

\* \* \*

Petitioners' request is clearly a good faith attempt to find evidence that appears probative to proceedings now pending in foreign tribunals. The discovery requests are

-10-

not unduly intrusive or burdensome, and the discovery requested goes to central issues in both foreign proceedings, and would otherwise be permitted under the Federal Rules of Civil Procedure.

Issues of privilege as to Mr. Champ being a consulting expert in the foreign proceedings were also raised in the pleadings as well as during the hearing. Applying Rule 26 of the Federal Rules of Civil Procedure to Section 1782, any consulting expert privilege assertable by Mr. Champ has been clearly waived inasmuch as it has been clearly shown that Mr. Champ became a testifying expert when he conveyed, shared, or otherwise provided his own expertise to the soon to be court appointed independent Ecuadorian expert, as well as numerous persons in the meeting room. As the court stated during the hearing, it was clear from the materials presented that Mr. Champ played a key supporting role in such plaintiffs' efforts to write the court appointed independent expert's report for him, masking his own opinions and any documents as those of the expert. Further, the court determined that Mr. Champ's expertise, which appears to be remediation and the cost of clean up of oil spills, amount to shared expertise on what was likely the ultimate object of the litigation, an award of damages.

To the extent that the subpoena seeks materials that may arguably be subject to an attorney-client privilege, an exception to such privilege exists, "the crime-fraud

exception," where attorney-client "communications are made in furtherance of a crime, fraud, or other misconduct." In re Sealed Case, 754 F.2d 395, 399 (D.C.Cir.1985). While respondent has argued that it would be inappropriate for this court to apply its American view of the role of an "independent court appointed expert" to that of an auxiliary court appointed in an Ecuadorian court, it is very clear from the words used by plaintiffs' lawyer in the meeting - - some few weeks before the expert sitting in the room was in fact appointed by the court - - that Chevron did not know that the expert report was being ghostwritten by experts for the party opponent, that it would be important for no one at the meeting to tell Chevron that such had occurred, and, to the amusement of those in attendance at the meeting, Chevron would not realize what had happened to them with the independent report. While this court is unfamiliar with the practices of the Ecuadorian judicial system, the court must believe that the concept of fraud is universal, and that what has blatantly occurred in this matter would in fact be considered fraud by any court. If such conduct does not amount to fraud in a particular country, then that country has larger problems than an oil spill.

In any event, this court is tasked with determining what discovery is to be taken under Section 1782 in *this* jurisdiction and, in doing so, this court must apply the Federal Rules of Civil Procedure. Inasmuch as the Federal Rules of Civil Procedure

apply to this Section 1782 proceeding, it appears that any consulting expert privilege has been waived and that the crime-fraud exception prevents assertion of any other privilege by respondent, requiring the disclosures and testimony requested.

## ORDER

**IT IS, THEREFORE, ORDERED** that petitioners' Applications for Discovery Pursuant to 28 U.S.C. § 1782 are **ALLOWED**. Respondent shall produce the documents commanded in the subpoena not later than the close of business on September 1, 2010, and attend and participate in a deposition to be held on September 8, 2010.[1]

**IT IS FURTHER ORDERED** that respondent's Motion to Stay this order pending appeal is denied inasmuch as time is of the essence and it appears unlikely, based on ten previous unfavorable decisions in nearly identical matters, that any appeal will succeed.

Signed: August 28, 2010

Dennis L. Howell
United States Magistrate Judge



---

[1] The court is not ordering the further physical issuance and service of subpoenas in this matter as counsel for respondent has, most graciously and appropriately, waived such in open court.

-13-