

**Mathew P. Jasinski**
*Licensed in CT, NY*

Connecticut Office
Direct Dial 860.218.2725
Direct Fax 860.882.1682
mjasinski@motleyrice.com

September 1, 2010

**VIA CM/ECF**

**EMERGENCY TELEPHONIC HEARING REQUESTED**

Hon. Graham C. Mullen
United States Senior District Judge
for the Western District of North Carolina
230 Charles R. Jonas Federal Bldg.
401 West Trade Street
Charlotte, NC 28202

Re:  *Chevron Corp. v. Champ*, No. 1:10-mc-27 (W.D.N.C.) and
*Rodrigo Perez Pallares, et al. v. Champ*, No. 1:10-mc-28 (W.D.N.C.)

Dear Judge Mullen:

I represent Respondent, Charles Champ, and Interested Parties, the Plaintiffs in the Lago Agrio litigation ("Ecuadorian Plaintiffs"), with regard to the above referenced applications to issue subpoenas pursuant to 28 U.S.C. § 1782 ("Applications").

At a hearing held on August 27, 2010, Magistrate Judge Dennis Howell granted the Applications from the bench, an order formalized in a written decision dated August 28, 2010 ("Order").[1] On August 30, 2010, Respondent and the Ecuadorian Plaintiffs filed an objection seeking Your Honor's review of the Order pursuant to Federal Rule of Civil Procedure 72 ("Rule 72 Objection").[2] (No. 1:10-mc-27, Doc. # 28; No. 1:10-mc-28, Doc. #27.)  Petitioners have until September 16, 2010 to respond. *See* Fed. R. Civ. P. 72(b); LCvR 72.1(C).

As noted in the Rule 72 Objection (at pages 8-9), Magistrate Judge Howell's Order is dispositive and, thus, subject to *de novo* review. *See, e.g., Peretz v. United States*, 501 U.S. 923, 944 (1991) ("The Federal Magistrates Act provides two separate standards of judicial review:  'clearly erroneous or contrary to law' for magistrate resolution of nondispositive matters, *see* 28 U.S.C. § 636(b)(1)(A), and '*de novo*' for magistrate resolution of dispositive matters, *see* § 636(b)(1)(B)-(C)."). I am writing to address the jurisdictional implication of this argument. **Specifically, as set forth below, because Magistrate Judge Howell's Order is dispositive, it is not binding and effective unless and until Your Honor reviews the Order** *de novo* **and adopts it as a final order.**

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
o. 843.216.9000
f. 843.216.9450

321 South Main St.
Providence, RI 02903
o. 401.457.7700
f. 401.457.7708

One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
o. 860.882.1681
f. 860.882.1682

275 Seventh Ave., 2nd Floor
New York, NY 10001
o. 212.577.0040
f. 212.577.0054

320 Chestnut St.
Morgantown, WV 26505
o. 304.413.0456
f. 304.413.0458

www.motleyrice.com

---

[1] The Order was filed on August 30. (No. 1:10-mc-27, Doc. #26; No. 1:10-mc-28, Doc. #25.)
[2] Respondent and the Ecuadorian Plaintiffs also moved for a stay of the Order (No. 1:10-mc-27, Doc. #27; No. 1:10-mc-28, Doc. #26), which this Court denied (No. 1:10-mc-27, Doc. #32; No. 1:10-mc-28, Doc. #29)

In the case of dispositive matters, a magistrate judge "has no authority to make a final and binding disposition." *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); *see also Sims v. Wyrick*, 552 F. Supp. 748, 750 (W.D. Mo. 1982) ("The Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(B) does not vest authority in the magistrate to make a final and binding disposition of matters referred under the Act."). Rather, the magistrate judge must "submit to a judge of the court [i.e., an Article III district judge] proposed findings of fact and recommendations," 28 U.S.C. § 636(b)(1)(B), which the federal district judge must then review *de novo* and incorporate into a final order. *See United States v. Clark*, 574 F. Supp. 2d 262, 269 (D. Conn. 2008).

For at least two reasons, an application under § 1782 is dispositive in nature and, thus, falls under § 636(b)(1)(B). *See Advanced Micro Devices v. Intel Corp.*, No. C 01-7033, 2004 U.S. Dist. LEXIS 21437, at *1-*2 (N.D. Cal. Oct. 4, 2004) (re-characterizing magistrate judge's "Order" regarding application for § 1782 discovery as non-binding recommendation and applying *de novo* standard of review); *In re Trygg-Hansa Ins. Co., Ltd.*, 896 F. Supp. 624, 626 (E.D. La. 1995) (reviewing magistrate judge's denial of application for § 1782 discovery under *de novo* standard and construing "Magistrate Judge's written reasons . . . and the transcript of his oral ruling as constituting proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C)." (internal citations omitted)).

First, those motions that dispose of the whole of the litigation are deemed dispositive. *See Reich v. National Engineering & Contracting Co.*, 13 F.3d 93, 96 (4th Cir. 1993) (holding that orders enforcing certain administrative subpoenas are immediately appealable on the ground that, once the court decides the subpoena issue, no other matters are pending before the court); *In re Oral Testimony of a Witness Subpoenaed Pursuant to Civil Investigative Demand No. 98-19*, 182 F.R.D. 196, 201-202 (E.D. Va. 1998) (deeming magistrate judge's order enforcing administrative subpoena to be dispositive in light of *Reich*). Simply stated, § 1782 disposes of "the whole of [the] action in the district court." *In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 104 (2d Cir. 1992).

Indeed, orders disposing of § 1782 applications are appealable because of their dispositive nature. *See, e.g., U.S. Philips Corp. v. Iwasaki Elec. Co.*, 142 Fed. App'x 516, 517 (2d Cir. 2005); *United States v. Sealed 1*, 235 F.3d 1200, 1203 (9th Cir. 2000); *United States v. Devine*, 208 F.3d 215 (Table), 2000 WL 263282 (6th Cir. May 3, 2000); *In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007); *In re Application of Asta Medica, S.A.*, 981 F.2d 1 (1st Cir. 1992), overruled in part on other grounds by *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

Second, the express language of § 1782 requires that *de novo* review be given to a magistrate judge's consideration of a § 1782 application. Section 1782 provides that "[t]he *district court* of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." 28 U.S.C. § 1782(a) (emphasis added). This language has been construed, at least by the Tenth Circuit, not to be satisfied by a magistrate judge ruling. *See Phillips v. Beierwaltes*, 466 F.3d 1217 (10th Cir. 2006) (stating in context of § 1782 application granted by magistrate judge: "[W]e are not asked to review an order from a district court. Rather, we are asked to review an order issued by a magistrate judge."). Because Congress expressly used the term "district court" when defining the authority conferred by § 1782, such statute does not confer the same authority to magistrate judges over § 1782 applications as they enjoy over non-dispositive motions.

Because, therefore, the Order is dispositive, it must be reviewed *de novo* and adopted by Your Honor before it can have any binding effect. *See, e.g., Gander Mt. Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) ("a magistrate judge cannot make a final and binding decision on dispositive motions"); *Lynchval Sys. v. Chicago Consulting Actuaries*, No. No. 95 C 1490, 1996 U.S. Dist. LEXIS 19281, at *12 (N.D. Ill. Dec. 11, 1996) ("If the order would be dispositive . . . then Federal Rule 72(b) only authorizes a magistrate judge to issue a recommendation to the district court that is subject to that court's de novo review." (internal quotation marks omitted)); *cf. Nicholls v. Brookdale Univ. Hosp. & Med. Ctr.*, 205 Fed. App'x 858, 860 (2d Cir. 2006) (finding magistrate judge's order "effective and binding *when issued*" because it was "*not* dispositive" (emphases added)); *Mills v. Am. Underground Structures, Inc.*, No. 3:99-CV-121-S, 1999 U.S. Dist. LEXIS 23336, at *2 (W.D. Ky. Dec. 2, 1999) ("Under 28 U.S.C. § 636 and Fed. R. Civ. P. 72, the *non*-dispositive orders of magistrate judges are binding unless they are clearly erroneous or contrary to law." (emphasis added)).

Given the possible constitutional implications of delegating Article III judges' duties to magistrate judges, *see Gomez v. United States*, 490 U.S. 858, 863-64 (1989), courts generally have "avoided constitutional issues in this area by construing the Federal Magistrates Act narrowly 'in light of its structure and purpose,'" *In re United States*, 10 F.3d 931, 934 n.4 (2d Cir. 1993) (quoting *Gomez*, 490 U.S. at 864). In this regard, Respondent and the Ecuadorian Plaintiffs respectfully request Your Honor's guidance on this issue, as Respondent faces a purported deadline of today, September 1, 2010, for the production of documents and a September 8, 2010 deposition based on a magistrate ruling that the law views as ineffective until reviewed *de novo* and adopted by Your Honor.

Respectfully submitted,

Mathew P. Jasinski[*]

*Counsel for Respondent Charles Champ and
Interested Parties the Ecuadorian Plaintiffs*

---

[*] Admitted *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic filing system, on this 1st day of September, 2010:

Andrea E. Neuman, Esq.
Gibson, Dunn & Crutcher, LLP
3161 Michelson Drive
Irvine, CA 92612-4412

Peter E. Seley, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave. NW
Washington, DC 20036

George W. Saenger, Esq.
Adams, Hendon, Carson, Crow & Saenger, PA
P.O. Box 2714
Asheville, NC 28802

John W. Bowers, Esq.
Horack, Talley, Pharr & Lowndes
2600 One Wachovia Center
301 South College St.
Charlotte, NC 28202

Wyatt S. Stevens, Esq.
Roberts & Stevens, P.A.
BB&T Building, Suite 1100
One West Pack Square
P.O. Box 7647
Asheville, NC  28802

Andres Rivero
Rivero Mestre & Castro
2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, FL 33134

Jorge Alejandro Mestre
Rivero Mestre & Castro
2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, FL 33134

Paul Edouard Dans
Rivero Mestre & Castro
2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, FL 33134

Kevin T. Baine
Williams & Connolly LLP
725 Twelfth St., NW
Washington, DC 20005

Robert M. Cary
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005

_____
Mathew P. Jasinski