IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10mc 27, 1:10mc28

| | |
|---|---|
| CHEVRON CORPORATION, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | |
| ) | |
| CHARLES CHAMP, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | **ORDER** |
| ) | |
| RODRIGO PEREZ PALLARES; and ) | |
| RICARDO REIS VEIGA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | |
| ) | |
| CHARLES CHAMP, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on respondent's Emergency Motions for Extension of Time. Petitioner seeks until September 7, 2010, to respond to the document requests contained in the subpoenas and until September 10, 2010, to sit for the deposition(s). Petitioners have agreed to extend the time to conduct the deposition until September 9, 2010, but oppose granting the relief requested as to the

-1-

documents. For cause, respondent states as follows:

> There is good cause for the requested extension of time because, despite best efforts, it is proving physically impossible under the extremely expedited schedule to conduct a thorough review of the gathered universe of documents for responsiveness and privilege, and to prepare the documents for production.

Motions, at p. 2. While the court has no doubts that respondent is using best efforts, the expedited schedule was more than double the time requested by petitioners, and counsel for respondent was likely aware 15 days ago that the production as well as the deposition would probably be required. The request to enlarge the time for document production will be denied, but the request to enlarge the time for sitting for the deposition will be enlarged to September 9, 2010.

Finally, respondent has included a sentence which has given this court some concern:

> Respondent and Interested Parties, the Ecuadorian Plaintiffs, have asserted that, pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), Senior District Judge Mullen must review the Order *de novo* and adopt its findings for the Order to become binding.

Id. The undersigned included language in its Order concerning such subject, which is antithetical to the position respondent now takes. Counsel for respondent is cautioned that under the Standing Orders of the judges of the Western District of North Carolina, as well as the Local Rules, United States Magistrate Judges are delegated the resolution of discovery issues and failure to obey those orders can result

in the imposition of sanctions or a finding of contempt. Lead counsel for respondent should carefully consult with his very experienced local attorney before relying on such theory.

## ORDER

**IT IS, THEREFORE, ORDERED** that respondent's Motions for Extension of Time (#31 & #33) are **GRANTED** in part and respondent is allowed up to and inclusive of September 9, 2010, to sit for the deposition(s). The requests are otherwise **DENIED**.

Signed: September 1, 2010

_____

Dennis L. Howell
United States Magistrate Judge